# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GREENVILLE COMMUNICATIONS, LLC,**                                   **PLAINTIFF,**

**VS.**                                      **CIVIL ACTION NO. 4:07CV66-P-B**

**VERIZON COMMUNICATIONS, INC., ET AL.,**                      **DEFENDANTS.**

## MEMORANDUM OPINION

This matter comes before the court upon Defendants' Joint Motion to Transfer Venue to the District of New Jersey [61]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

The inventors of the patents that are the subject of this patent infringement suit, Mark Gregorek and Jeffery Dillow, are residents of New Jersey. The inventors initially assigned the patents to Quantum Systems, Inc., a New Jersey corporation headquartered in Ramsey, New Jersey. After a merger between Quantum Systems and eClips, a Delaware corporation headquartered in Sommerset, New Jersey, the patents were assigned to eClips who later assigned the patents to Marshall Communications, a Texas limited liability company headquartered in Marshall, Texas. Marshall Communications' sole owner and managing member is eClips. Cliff Radziewicz, the President of Marshall Communications, is a resident of New Jersey and is also the President, Secretary, and Treasurer of eClips, Inc. in New Jersey.

Greenville Communications was formed as a limited liability company in Mississippi on March 28, 2007. Nine days later, on April 6, 2007, Marshall Communications assigned the subject patents to Greenville Communications. Nineteen days later, on April 25, 2007, Greenville

1

Communications filed this suit.

New Jersey-based eClips owns Greenville Communications. Although the plaintiff avers that its principal place of business is in Greenville, Mississippi, it is undisputed that they are not a corporation licensed to do business in Mississippi nor does Greenville Communications allege to conduct any active business in Greenville.

Defendants Verizon Wireless is headquartered in Basking Ridge, New Jersey. Defendant T-Mobile is headquartered in Bellevue, Washington. Defendant AT&T Mobility is headquartered in Atlanta, Georgia.

The defendants filed the instant motion to transfer this action to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Standards for Inter-District Transfer

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Fifth Circuit has advised that "the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 101, 203 (5th Cir. 2004). It is undisputed that the instant action could have been properly filed in the District of New Jersey. Thus, the next steps are to determine whether "the convenience of the parties and witness" and "the interests of justice" weigh in favor of transfer.

"The determination of 'convenience' turns on a number of private and public interest factors,

none of which are given dispositive weight." *Id*.

"The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*.

"The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*.

"[T]he convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *Id*. at 206.

The Fifth Circuit has held that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987).

**B. Convenience of the Parties**

**1. The Private Concerns**

a. Relative Ease of Access to Sources of Proof

The court concludes that the the relative ease of access to sources of proof factor weighs in favor of the defendants. The plaintiff seeks damages for alleged patent infringement during the last six years. Greenville Communications has only owned the subject patents for less than three weeks

of this six-year period, whereas eClips, a New Jersey corporation, has controlled the subject patents for the remainder of the period. Furthermore, eClips also owns Greenville Communications. The plaintiff has not identified any key witnesses who reside in the Northern District of Mississippi that will testify at trial. The defendants, however, point to the two inventors of the patents, Verizon Wireless employees, and eClips employees, all of whom reside in New Jersey, as well as the attorney who prosecuted the subject patents who resides in Pennsylvania.

With regard to documentary evidence, the plaintiff alleges that it has some unidentified documents in Greenville, but it does not dispute that the lion's share of relevant documents are located outside of Mississippi and a significant number of them are located in or near New Jersey.

b. Availability of Compulsory Process to Secure Attendance of Witnesses

Although the plaintiff avers that the two New Jersey inventors and the Pennsylvania patent prosecuting attorney are willing to voluntarily testify in the Northern District of Mississippi, it is undisputed that there are no key witnesses identified by either party that are within the subpoena power of this court.

c. Cost of Attendance for Willing Witnesses

Given the majority of potential key witnesses are located closer to the District of New Jersey – especially the owner of eClips, Cliff Radziewicz, who owns Greenville Communications; the inventors of the patent; and the employees of at least one defendant, Verizon – and no key witnesses have been alleged to reside in the Northern District of Mississippi, this factor weighs in favor of transfer.

**2. Public Concerns**

a. Administrative Difficulties Flowing from Court Congestion

According to the Judicial Caseload Profile Reports available on the U.S. Courts website, the average caseload for the three active District Judges (one of whom went on Senior Status in June 2007) in 2006 was 506 compared to an average of 403 pending cases for a total of seventeen District Judges in the District of New Jersey. The court concludes that this factor weighs in favor of transfer.

b. Local Interests

The plaintiffs allege that Mississippi has a local interest in this matter since millions of cell phones currently infringing upon the plaintiff's patents are sold in Mississippi and Greenville Communications is a Mississippi corporation. However, the defendants are correct that Greenville Communications is not a corporation registered to do business in Mississippi, but rather is a limited liability company that appears to do no business in Mississippi other than having a small office in Greenville, Mississippi staffed with no one employed by Greenville Communications. The plaintiff's argument regarding the millions of cell phones sold in Mississippi applies with equal force to the rest of the country. The court concludes that this factor weighs in favor of transfer.

c. Familiarity with the Forum with the Law that Will Govern the Case and the Potential for Conflict of Laws

The factors of familiarity of the forum with the law governing the case and the potential conflict of laws do not apply in this instance given that it is undisputed that federal patent law will govern the plaintiff's patent infringement claims. These claims can be dealt with just as easily in the District of New Jersey as in the Northern District of Mississippi.

### C. Interest of Justice

In addition to the "convenience of the parties," the text of § 1404(a) states that the court can also consider the "interest of justice" when deciding upon a motion to transfer a case to another district. The court is convinced that the defendants have adequately demonstrated that the sole purpose for the plaintiff's formation less than three weeks prior to the filing of this action was an attempt to select a potentially favorable forum. This choice, while given some merit, is far outweighed by the remaining standards governing inter-district transfer and is overcome by the other private and public interest factors which clearly point towards trial in the alternative forum. In other words, it is more likely than not that eClips, the New Jersey owner of Greenville Communications who owns the subject patent, formed Greenville Communications, LLC simply to avoid venue in New Jersey.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the presumption in favor of the plaintiff's choice of forum has been substantially overcome by the private and public "convenience of the parties" factors as well as the "interest of justice" factor regarding transfer of this case. These factors clearly weigh in favor of the more appropriate forum of the United States District Court for the District of New Jersey. Therefore, the defendants' motion to transfer should be granted. Accordingly, an Order shall issue forthwith,

**THIS DAY** of August 27, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE